CLAUDE WATSON, APPELLANT, V. EDWARD B. COWLES,
APPELLEE.

FILED JANUARY 23, 1901.    No. 11,551.

1. **Taxation: EXEMPTION: EDUCATIONAL USE.** Property used exclusively for school purposes is exempt from taxation for general revenue.

2. ——: ——: ONUS PROBANDI. A person who claims that his property is not subject to taxation must show affirmatively the facts rendering it exempt.

3. ——: ——: RESIDENCE: INCIDENTAL. If a building is used at the same time for school purposes and as a family residence by the person having charge of the school, it is not exempt from taxation for general revenue, unless the residential use is incidental to the other and associated therewith in such wise as to be regarded as part of it.

4. **Finding: CONFLICTING EVIDENCE.** A finding which has substantial support, although based upon conflicting evidence, will not be disturbed.

APPEAL from the district court for Otoe county. Heard below before JESSEN, J.   *Reversed.*

*John C. Watson* and *J. V. Morgan*, for appellant.

*C. H. Denney* and *W. W. Wilson*, contra.

SULLIVAN, J.

The plaintiff, Claude Watson, is the owner of several lots in Nebraska City upon which is situate a two-story brick building. The property was assessed for taxation and taxed under the general revenue law for the years 1896, 1897 and 1898. The building, during those years, was leased and used for school purposes, the lessor receiving an adequate rent therefor. The tax charged against the property became delinquent, and the defendant, Edward B. Cowles, acquired, by purchase at private tax sale, the interest of the public therein.

The plaintiff contends that the lots were exempt from taxation during the years in question and asks for a decree dissipating the cloud created by the proceedings of

the taxing authorities. The trial court made a general finding in favor of the defendant and dismissed the petition. The judgment can not be entirely sustained. The property was used exclusively for school purposes during the year 1898, and was, therefore, not subject to taxation for that year. Upon this point the case of *Scott v. Society of Russian Israelites*, 59 Nebr., 571, is decisive. Whether the building was used exclusively for educational purposes during 1896 and 1897 is not clear from the evidence. The decision of the district court resolving the issues in favor of the defendant is to be construed as a finding that it was not so used. It is conceded that Prof. W. H. Barrett, the lessee of the building, was conducting therein, in 1896 and 1897, a commercial and preparatory school; but it is claimed that he occupied some of the rooms as a habitation for himself and family. The testimony tends to support this claim, and we are disposed to think that the trial court was justified in concluding that it was established. The burden of proof was on the plaintiff; he was required to show affirmatively the facts that render his property exempt from taxation. The evidence warranted the court in finding that Professor Barrett occupied the building with his family, but it did not furnish any basis for an inference that such occupancy had any proper relation to the conduct of the school. If he lived in the building as a matter of mere personal convenience or advantage, and not because it was necessary in the discharge of his duties as an educator, or to promote the success of his school, then it is evident the property was not used exclusively for school purposes, and consequently was not exempt from taxation. *Red v. Johnson*, 53 Tex., 284; *Williams College v. Williamstown*, 167 Mass. 505. The taxes for 1896 and 1897 are valid, but those for 1898 are void.

The judgment is reversed and the cause remanded with direction to the district court to render a decree in conformity with the views herein expressed.

REVERSED AND REMANDED.