IN RE MOUNTAIN STATE COLLEGE, INC., ASSESSMENT

(No. 8433)

Submitted November 11, 1936. Decided November 17, 1936.

*Homer A. Holt,* Attorney General, *J. F. Bouchelle,* Assistant Attorney General, and *E. B. Pennybacker,* for plaintiff in error.

*Adams & Moats,* for Mountain State College, Inc.

LITZ, JUDGE:

This is a statutory proceeding under Code 1931, 11-3-24(a) and 25, as amended by Chapter 41, Acts, Regular Session, 1933, for the review of the assessment of real estate owned by petitioner, Mountain State College, Inc., a corporation, in the City of Parkersburg. The property, consisting of a lot fifty feet by seventy feet at the southeastern corner of Sixteenth and Spring Streets in the city and a three-story brick building thereon, is used by the petitioner in the conduct of a commercial college or school, for profit. The courses of study prescribed and maintained by the institution, follow: "Book-keeping and Accountancy, time required, 9 to 12 months, 84 term

hours; Higher Accounting (C. P. A.), time required, 20 to 24 months, 151 term hours; Stenographic Course, time required, 8 to 10 months, 54 term hours; Secretarial Course, time required, 11 to 14 months, 95 term hours; Business Administration Course, time required, 16 to 19 months, 111 term hours; Miscellaneous, (1) Money, Banking and Investment, 3 hours credit; (2) Salesmanship and Personality, 3 hours credit; (3) Advertising, 3 hours credit." The state seeks a reversal of the ruling of the circuit court, exempting the property from taxation.

Section 1, Article 10 of the State Constitution, as amended, provides that " * * * property used for educational, literary, scientific, religious or charitable purposes; all cemeteries and public property may, by law, be exempted from taxation." The pertinent parts of the present statute effectuating the constitutional provision ensue: "All property, real and personal, described in this section, and to the extent herein limited, shall be exempt from taxation, that is to say: * * * cemeteries, property belonging to colleges, seminaries, academies and free schools, if used for educational, literary or scientific purposes, including books, apparatus, annuities, money and furniture; * * * property used for charitable purposes, and *not held or leased out for profit;* all real estate * * * used exclusively by any college or university society as a literary hall, or as a dormitory or club room, *if not leased or otherwise used with a view to profit;* all property belonging to benevolent associations, *not conducted for private profit;* property belonging to any public institution for the education of the deaf, dumb or blind, or any hospital *not held or leased out for profit;* * * * homes for children or for the aged, friendless or infirm, *not conducted for private profit;* * * * all property, including the principal thereof, and the income therefrom, held for a term of years or otherwise under a bona fide trust deed, transfer or assignment, by a trustee or trustees required by the terms of such trust to apply, annually, the income derived from such property to education, religion, charity and cemeteries, *when*

*not used for private purposes or profit."* Code 1931, 11-3-9.

The questions for determination are (1) whether a commercial school is within the definition of college, seminary, or academy; and (2) whether the privilege of exemption is affected by the profit motive feature of the school.

It is tacitly conceded by the state that the terms colleges, seminaries, and academies include commercial schools. The real issue, therefore, is whether the property is subject to taxation because the petitioning school is operated for profit. We are of opinion that the privilege of exemption is not affected by the profit motive feature of the school. The statute exempts from taxation without qualification property belonging to colleges, seminaries, and academies, if used for educational, literary, or scientific purposes. Although tax exemptions are strictly construed, the principle does not justify an interpolation in a plain statute for the purpose of defeating the privilege. *Mountain View Cemetery Co.* v. *Massey,* 109 W. Va. 472, 155 S. E. 547. Referring to the provision, exempting from taxation property belonging to colleges, seminaries and academies, the court, speaking through Judge Woods, in *Prichard* v. *County Court,* 109 W. Va. 479, 155 S. E. 542, stated: "There is no limitation upon the above exemption for educational purposes by reason of the fact that the property may be held or leased out for profit, as is true in the case of property used for charitable purposes. The exemption is unqualified. 'Used for educational purposes is the test of the exemption,' said Judge Hatcher in *State ex rel. Farr* v. *Martin,* 105 W. Va. 600." The context, exempting several classes of property upon condition that they are not used for profit or private gain, further weakens the claim that a similar qualification was intended as to property belonging to colleges, seminaries and academies and used for educational, literary, or scientific purposes. Referring to this phase of the statute, the court, in *Cemetery Co.* v. *Massey,* involving the exemption of cemeteries, stated: "Though limitations are made in the

statute as to many of the enumerated classes, none are expressly applicable to cemeteries and the grammatical construction is such that it would be a forced construction that would apply to cemeteries qualifying or limiting words that appear in conjunction with other classes."

The exemption asserted has been upheld in other states under constitutional and statutory provisions similar to those here involved. *Board of Com'rs. of Tulsa County* v. *Tulsa Business College,* 150 Okla. 197, 1 P. (2d) 351, 95 A. L. R. 76 (n) ; *Rohrbough* v. *Douglas County,* 76 Neb. 679, 107 N. W. 1000, 95 A. L. R. 76 (n) ; *Watson* v. *Cowles,* 61 Neb. 216, 85 N. W. 35; *Harrison County* v. *Gulf Coast Military Academy,* 126 Miss. 729, 89 So. 617; *State ex rel. Corporation Commission* v. *Oxford Seminary Const. Co.,* 160 N. C. 582, 76 S. E. 640, 95 A. L. R. 65 (n) ; *Ward Seminary* v. *Nashville,* 129 Tenn. 412, 167 S. W. 113; *Ramsey County* v. *Stryker,* 52 Minn. 144, 53 N. W. 1133, 95 A. L. R. 73 (n) ; *State* v. *Northwestern College of Speech Arts,* 193 Minn. 123, 258 N. W. 1; *Pitcher* v. *Miss Wolcott School Ass'n.,* 63 Colo. 294, 165 P. 608, L. R. A. 1917E, 1095; *Lummus* v. *Florida Adirondack School,* (Fla.) 168 So. 232.

The ruling of the circuit court, granting the exemption, is affirmed.

*Affirmed.*