## City of Jackson v. Mississippi Fire Ins. Co.

[95 South. 845. In Banc. No. 23289.]

1. Constitutional Law. *Statutes  Law exempting state insurance companies from all taxes, except real estate and privilege taxes, held not unconstitutional, as violating due process clause, as revising or amending law by reference to title only, as a special law or suspension of general laws for benefit of individuals or corporations, as a local, private, or special law exempting property from taxation, or as violating provision for general law whereby cities and towns may exempt public utility-enterprises from taxation for ten years.*

   Chapter 184, Laws 1922, which exempts insurance companies and associations organized in the state of Mississippi from all taxes, except on real estate and privilege taxes, is not repugnant to the following sections of the state Constitution of 1890:

   Section 14. No person shall be deprived of life, liberty, or property except by due process of law.

   Section 61. No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length.

   Section 87. Special laws shall not be enacted nor general laws suspended for the benefit of individuals or corporations.  ,

   Section 90. The legislature shall not pass local, private or special laws for the exemption of property from taxation.

   Section 192. Provision shall be made by general laws whereby cities and towns may be authorized to exempt enterprises of public utility from taxation for a period of ten years.

2. Taxation. *Provision as to uniformity requires that public interest be subserved by legislative exemption of property.*

   The limitation upon the power of the legislature to exempt property from taxation under section 112 of the state Constitution of 1890, which provides that taxation shall be uniform and equal throughout the state, is that there must underlie the exercise of

the power some principle of public policy that can support a presumption that the public interest will be subserved by the exemption granted, and the classification of the property exempted must be based on some reasonable ground, and some real difference which bears a just and proper relation to the object sought to be accomplished.

3. TAXATION. *Exemptions of insurance corporations from taxation held not discriminatory, where corporations only can lawfully engage therein.*

An exemption from taxation granted to corporations engaged in the insurance business does not discriminate against individuals, if corporations only can lawfully engage in the insurance business.

4. TAXATION. *Constitutional provision against surrender of power to tax corporations does not prohibit exempting property of corporations, where property of individuals similarly situated also exempted.*

The provisions of section 182 of the Constitution of 1890 that the power to tax corporations and their property shall never be surrendered or abridged by any contract or grant to which the state may be a party does not prohibit the exempting of the property of corporations from taxation, provided the property of individuals similarly situated is also exempted therefrom.

5. TAXATION. *Repealable statute not violative of constitutional provision that power to tax corporations shall not be surrendered or abridged by any contract of the state.*

The provision of section 182 of the state Constitution of 1890 that the power to tax corporations and their property shall never be surrendered or abridged by any contract or grant to which the state or any political subdivision thereof may be a party is not violated by a statute exempting the property of corporations from taxation, which can be repealed at any time.

6. CONSTITUTIONAL LAW. *Statute not declared unconstitutional, except on request of person of class for whose protection Constitution adopted.*

A statute will not be declared void because of repugnance to a provision of the Constitution for the protection of persons, unless the request so to do is made by a person of the class for whose protection the provision of the Constitution was adopted.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Appeal by the Mississippi Fire Insurance Company from

an assessment of its property for taxation by the city of Jackson. From a judgment for the Insurance Company in the circuit court, the city appeals. Affirmed.

*Green & Green* and *Clayton D. Potter,* for appellant.

*Wells, Stevens & Jones,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The Mississippi Fire Insurance Company, a corporation chartered under the laws of this state, appealed to the court below from an assessment of its property for taxation by the city of Jackson, and from a judgment there rendered in its favor the city has brought the case to this court.

The sole question presented to us for decision is the validity *vel non* of chapter 184, Laws of 1922, entitled:

"An act to aid and encourage insurance companies incorporated or organized under the laws of the state of Mississippi and to exempt such companies from taxation except on real estate for a period of five years,"
and which provides: "That in addition to the property already exempt from taxation, all insurance companies or associations organized or incorporated under the laws of the state of Mississippi and maintaining its domicile therein, shall be exempt for a period of five years from all taxes of whatsoever kind or character except *ad valorem* taxes on real estate, and privilege taxes."

The appellant's contention is that the statute is repugnant to the following sections of the Constitution of this state:

Section 14: "No person shall be deprived of life, liberty, or property except by due process of law."

Section 61: "No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length."

Section 87: "No special or local law shall be enacted for the benefit of individuals or corporations, in cases which

132 Miss.—27

are or can be provided for by general law or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted."

Section 90: "The legislature shall not pass local, private, or special laws in any of the following enumerated cases, but such matters shall be provided for only by general laws, viz.: . . . (h) Exemption of property from taxation or from levy or sale."

Section 112: "Taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value. . . . Property shall be assessed for taxes under general laws, and by uniform rules, according to its true value."

Section 181: "The property of all private corporations for pecuniary gain shall be taxed in the same way and to the same extent as the property of individuals."

Section 182: "The power to tax corporations and their property shall never be surrendered or abridged by any contract or grant to which the state or any political subdivision thereof may be a party, except that the legislature may grant exemption from taxation in the encouragement of manufacturers and other new enterprises of public utility extending for a period not exceeding five years, the time of such exemptions to commence from date of charter, if to a corporation; and if to an individual enterprise, then from the commencement of work; but when the legislature grants such exemptions for a period of five years or less, it shall be done by general laws, which shall distinctly enumerate the classes of manufacturers and other new enterprises of public utility entitled to such exemptions, and shall prescribe the mode and manner in which the right to such exemptions shall be determined."

Section 192: "Provision shall be made by general laws whereby cities and towns may be authorized to aid and

encourage the establishment of manufacturers, gasworks, waterworks, and other enterprises, of public utility other than railroads, within the limits of said cities or towns, by exempting all property used for such purposes from municipal taxation for a period not longer than ten years."

And to the following provisions of the Federal Constitution:

Article 4, section 2, paragraph 1: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

The equal protection of the laws clause of section 1 of the Fourteenth Amendment.

The contention that the statute is repugnant to sections 14, 61, 87, 90, and 192 of the state Constitution are so obviously without merit that we will so declare without any special discussion thereof.

Section 112 does not require all property to be taxed. It commits to the legislature the duty of designating and classifying property for taxation and all property not within the classes selected will be exempt from taxation. It does not deprive the legislature of the power which it has been accustomed to exercise from the inception of the state government to exempt from taxation property of a particular class embraced within a general class that is subjected to taxation. *Miss. Mills* v. *Cook,* 56 Miss. 63; *Yazoo & Miss. Valley R. R. Co.* v. *Adams,* 77 Miss. 194, 24 So. 200, 317, 28 So. 956, 60 L. R. A. 33; *Harrison County* v. *Gulf Coast Military Academy,* 126 Miss. 729, 89 So. 617. The Mississippi Mills case was overruled in *Adams* v. *Railroad, supra,* "in so far as it held that the property of private corporations for pecuniary profit was not . . . . expressly directed to be taxed just as the property of individuals," but no further.

The limitation on the legislature's power under the uniformity and equality clause of this section of the Constitution to exempt property from taxation and thereby discriminate against property taxed or the owners thereof is the same as the limitation on its power to discriminate

between persons and property under any other constitutional guaranty, state or federal, of the equal protection of the laws. Gray, Limitation of Taxing Power, 656. This limitation is that there must underlie the exercise of the power "some principle of public policy that can support a presumption that the public interest will be subserved by the exemption granted" (1 Cooley on Taxation [3d Ed.] 343), and the classification of the property exempted "must be based on some reasonable ground, and some real difference which bears a just and proper relation to the object sought to be accomplished." *Adams* v. *Standard Oil Co.,* 97 Miss. 879, 53 So. 692; *Adams* v. *Kuykendall,* 83 Miss. 586, 35 So. 830; *Adams* v. *Miss. Lumber Co.,* 84 Miss. 23, 36 So. 68; *Gulf, Col. & Santa Fe Ry. Co.* v. *Ellis,* 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; *Bell's Gap R. Co.* v. *Pennsylvania,* 134 U. S. 232, 10 Sup. Ct. 533, 33 L. Ed. 892; *Magoun* v. *Ill. Trust & Sav. Bank,* 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037; *People ex rel. Hatch* v. *Reardon,* 184 N. Y. 431, 77 N. E. 970, 8 L. R. A. (N. S.) 314, 112 Am. St. Rep. 628, 6 Ann. Cas. 515; *People ex rel. Farrington* v. *Mensching,* 187 N. Y. 8, 79 N. E. 884, 10 L. R. A. (N. S.) 625, 10 Ann. Cas. 101.

Constitutional limitations should be applied with caution. "Some play must be allowed for the joints of the machine." *Mo., Kan. & Texas Ry. Co.* v. *May,* 194 U. S. 267, 24 Sup. Ct. 638, 48 L. Ed. 971. Consequently the classification need not be, and generally cannot be, scientifically accurate. "If the purpose is within the legal powers of the legislature, and the classification made has relation to that purpose (excludes no persons or objects that are affected by the purpose, includes all that are) logically speaking, it will be appropriate; legally speaking, a law based upon it will have equality of operation." *Billings* v. *Illinois,* 188 U. S. 97, 23 Sup. Ct. 272, 47 L. Ed. 400.

The legislature must necessarily be the judge in the first instance of the public necessity for exempting property from taxation and of the reasonableness of the classification thereof, and when it has declared that the public good will be served by exempting the property of a

class of persons from taxation "its action should not be disturbed by the courts . . . unless they can see clearly that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched" (*Mo., Kan. & Texas Ry. Co.* v. *May, supra*), or that the exemption could under no circumstances be for the public good.

Viewed in this light, it will be impossible for us to say that the exemption violates the equality and uniformity clause of section 112 of the state Constitution. It may have appeared to the legislature that there were not a sufficient number of insurance companies doing business in the state of Mississippi to meet the needs of its people for insurance on their lives and property, or there may have been no, or only a few, domestic insurance companies therein, for either or both of which reasons the encouragement of the formation of domestic insurance companies and associations by exempting their property from taxation would be for the public good. It may have appeared that without the exemption the price charged for insurance would have to be increased to the public harm, in order for the domestic companies to continue in business, or that with the exemption the domestic companies could reduce the price of insurance to the public good. Other reasons for the exemption may be imagined. We may doubt the wisdom of, and the necessity for, the grant of an exemption; but those questions are for the determination of the legislature, on which rests primarily the duty of guarding the public welfare. In its purposes and the execution of them the legislature "must be allowed a wide range of discretion, and . . . this court will not make itself 'a harbor in which can be found a refuge from ill-advised, unequal and oppressive legislation.'" *County of Mobile* v. *Kimball,* 102 U. S. 691, 26 L. Ed. 238; *Billings* v. *Ill.,* 188 U. S. 97, 23 Sup. Ct. 272, 47 L. Ed. 400.

That the exemption does not embrace the property of individuals engaged in the insurance business works no discrimination against them, for the reason that an ex-

amination of the state statute regulating the insurance business will disclose that only corporations and associations that are for all practical purposes corporations (*Liverpool & London Life & Fire Ins. Co.* v. *Massachusetts,* 10 Wall. 566, 19 L. Ed. 1029) can engage in the insurance business in this state. Section 181 of the present state Constitution does not prohibit the exempting of the property of corporations from taxation, provided the exemption extends also to the property of individuals similarly situated. The requirement is simply that the property of corporations "shall be taxed in the same way and to the same extent as the property of individuals."

In *Adams* v. *Railroad,* 77 Miss. 194, 24 So. 200, 60 L. R. A. 33, in holding a special exemption from taxation granted to a corporation to be void under a provision of the Constitution of 1869 similar to the one here under consideration, the court among other things said:

"If property of a particular kind is subjected to taxation, and owned by a corporation, it must bear the rate of taxation imposed on individuals. While the Constitution inhibits the exemption or discrimination in favor of corporations, it equally inhibits a discrimination against them. Equality in bearing a common burden, which is natural right and equity, is secured alike to the corporation and to the citizen."

This holding was approved and followed in *Harrison County* v. *Gulf Coast Military Academy,* 126 Miss. 729, 89 So. 617. That the statute exempts the property of corporations and associations only from taxation does not render it repugnant to section 181. No individual can engage in the insurance business in this state, as hereinbefore pointed out; consequently the statute does not exempt the property of corporations from taxation, and leave that of individuals similarly situated subject thereto.

In passing, it will not be amiss to point out that the legislature has not restricted the right to engage in insurance business to corporations, in order that an individious discrimination might be made in favor of corporations and against individuals in respect to either the right to

engage in the insurance business or the exemption of property from taxation. The restriction of the right to engage in such business to corporations was enacted more than twenty years ago, pursuant to a policy in vogue in other states, and is a valid exercise of the state's power to regulate the business of insurance. *Ins. Co.* v. *Miazza,* 93 Miss. 18, 46 So. 817, 136 Am. St. Rep. 534; *State* v. *Alley,* 96 Miss. 720, 51 So. 467; 22 Cyc. 1386; 1 Joyce on Insurance (2 Ed.), section 328a; 16 Am. & Eng. Enc. L. (2 Ed.), 878.

Section 182 of the state Constitution prohibits the surrender or abridgement of the power to tax corporations and their property, except for a period of five years, for which time an irrepealable exemption may be granted for "the encouragement of manufacturers and other new enterprises of public utility." In determining the validity of an exemption from taxation claimed by a corporation, two questions can arise under this section: (1) Is the exemption within the provision thereof for "the encouragement of manufacturers and other new enterprises of public utility?" And (2) if it is not within that provision, does the statute granting the exemption surrender or abridge the power of the state to tax corporations and their property?

We will assume for the sake of the argument, and as we do not understand counsel for the appellee to contend to the contrary, that the exemption here in question is not within the provision for "the encouragement of manufacturers and other new enterprises of public utility," and therefore can be repealed at the will of the legislature, and will proceed at once to the consideration of the second of these questions. Section 182, it will be observed, does not require the power of the state to tax corporations and their property to be always exercised, but simply that it "shall never be surrendered or abridged by any contract or grant to which the state . . . may be a party." The requirement, to express it in different language, is that no grant shall be made to or any contract entered into with

a corporation by the state which will prevent it from there-after taxing the corporation or its property, except for a period of five years for "the encouragement of manufactures and other new enterprises of public utility."

It is hardly necessary to say that the power to tax is neither surrendered nor abridged by a failure to exercise it, and the grant of an exemption from taxation which can be repealed at any time is in effect nothing more than a failure for the time being to tax, the power to do which continues in existence and can be exercised at the will of the legislature. It was expressly so held in *Harrison County* v. *Gulf Coast Military Academy, supra.* But it has been suggested that the corporations meant in this section of the Constitution are the same in character as those referred to in section 181 thereof, that is, private corporations for pecuniary gain; that the Gulf Coast Military Academy is not a corporation organized primarily for pecuniary gain, but "for the education of youth;" and that consequently, while that case was rightly decided, it should be restricted in its application to corporations not organized primarily for pecuniary gain.

Assuming for the sake of the argument that the corporations referred to in section 182 are those only that are organized primarily for pecuniary gain and that the Gulf Coast Military Academy is not such a corporation, nevertheless what we have hereinbefore said relative to the surrender or abridgment of the power to tax remains true and is applicable to the grant of an exemption from taxation to a corporation of any character. The appellant's contention that the statute is repugnant to article 4, section 2, par. 1, of the Federal Constitution is based on the theory that individuals can engage in the insurance business in this state and are discriminated against by the statute; but, as hereinbefore pointed out, an individual cannot engage in such a business in this state.

This brings us to the appellant's contention that the statute is repugnant to the equal protection of the laws clause of the Fourteenth Amendment to the Federal Con-

stitution, which may have been disposed of by what we have said relative to the statute's repugnancy to section 112 of the state Constitution, but we are not called on to so decide, for the reason that that question cannot be raised by the appellant. The ground of the appellant's complaint is that the statute discriminates, not against it, but against foreign corporations engaged in the insurance business in this state, and the rule is that a court will not declare a statute void because of repugnance to a provision of a Constitution for the protection of persons unless requested so to do by a person of the class for whose protection the provision of the Constitution was adopted. This rule is so well settled that it would be supererogatory to cite authorities in support of it.

*Affirmed.*

ANDERSON, J. (dissenting).

In my judgment the exemption claimed is void because under the Constitution the legislature was without power to grant it. As it appears to me, the outstanding purpose of sections 181 and 182 of the Constitution is to prohibit the exemption from taxation of the property of private corporations for pecuniary gain, except where devoted to new enterprises of public utility, in which cases it may be exempt for a period of not exeeding five years. The first clause of section 181, providing that "the property of all private corporations for pecuniary gain shall be taxed in the same way and to the same extent as the property of individuals," has nothing whatever to do with uniformity and equality in taxation. That principle is specifically and fully provided for by section 112 of the Constitution. The clause of section 181 quoted, in my opinion, means simply this: That since property owned by individuals is taxed there shall be no exemption from taxation of the property of private corporations for pecuniary gain except for the five-year period referred to, and that the same shall be taxed in the same way and to the same extent as the prop-

erty of individuals. It seems that the language "shall be taxed in the same way and to the same extent as the property of individuals" could mean nothing else, eliminating from view of course the principle of uniformity and equality, which, as stated above, is taken care of by section 112.

The framers of the Constitution knew that probably for all time some character of property in the hands of individuals would be taxed. They intended by this section to provide that as long as that was true the property of corporations for pecuniary gain should be taxed "in the same way and to the same extent." If there were any doubt as to the meaning of section 181, such doubt, it seems to me, is entirely cleared up by the provisions of section 182. It is true that the first part of section 182 is apparently addressed alone to the power of the legislature to tax corporations. It provides that the power to tax shall never be "surrendered or abridged," and then follows:

"Except that the legislature may grant exemption from taxation in the encouragement of manufactures and other new enterprises of public utility extending for a period not exceeding five years, the time of such exemptions to commence from date of charter, if to a corporation, and if to an individual enterprise, then from the commencement of work; but where the legislature grants such exemptions for a period of five years or less, it shall be done by general laws, which shall distinctly enumerate the classes of manufacturers and other new enterprises of public utility entitled to such exemptions, and shall prescribe the mode and manner in which the right to such exemptions shall be determined."

The language of the section quoted shows what was meant by the preceding phrase "shall never be surrendered or abridged." Plainly the exemption provided for of not exceeding a period of five years is treated as a surrender or abridgment to that extent of the power of taxation. By that language the Constitution schedules the powers of the legislature with reference to granting exemptions to

corporations for pecuniary gain. If the Constitution had been silent on the subject undoubtedly the power of the legislature to exempt would have been unlimited. But instead of being silent the Constitution deals with the subject specifically and in detail. It provides what character of corporations may be exempt, the maximum period such exemptions may continue, and that the same shall be provided for by general laws which shall distinctly enumerate the classes of new enterprises of public utility entitled to exemptions, and prescribe the manner in which such exemptions shall be determined. It is a universal principle of constitutional construction that where powers are granted and defined all others are excluded. In *State* v. *Henry,* 87 Miss. 125, 40 So. 152, 5 L. R. A. (N. S.) 340, the court said:

"Another principle is that, where the Constitution deals with a subject, its words must be the sole boundary, and sacred from the legislatures, except where it permits expressly or by necessary implication. Another is that, where the Constitution schedules powers, giving or taking away, it must be presumed to have scheduled all, and it only must be looked to, with its necessary implications, for the limit of authority or restriction."

What would be the sense in section 182 providing for the exemption therein referred to, if the majority opinion be correct that the legislature had unlimited power to exempt? I am unable to see how *Adams* v. *Railroad Co.,* 77 Miss. 194, 24 So. 200, 317, 28 So. 956, 60 L. R. A. 33, supports the majority opinion. It seems to me that case has more support for the views here expressed. So far as I have been able to find, this question has not been decided by this court, unless it was done in *Harrison County* v. *Gulf Coast Military Academy,* 126 Miss. 729, 89 So. 617. The language of the court in that case, it is true, is broad enough to cover the question here involved. But according to my view such language was not necessary to a decision of the questions in that case. Sections 181 and 182 of the Constitution by their express terms deal with corporations

for "pecuniary gain." It is true the Gulf Coast Military Academy was a corporation, and its students were charged for their education, which revenues belonged to the owners of the corporation. But the primary purpose of an institution of learning is for the education of the youth of the state. Pecuniary gain is a matter of secondary consideration. As held in *Jackson* v. *Preston,* 93 Miss. 366, 47 So. 547, 21 L. R. A. (N. S.) 164, it has always been the policy of this state to exempt property of such institutions from taxation, whether owned by individuals or corporations, because of the public benefit derived therefrom. It was held by the supreme court of Illinois in *Academy* v. *Sullivan,* 116 Ill. 376, 6 N. E. 183, 56 Am. Rep. 776, that an educational institution of the character of the Gulf Coast Military Academy was not a corporation for "pecuniary profit." To the same effect is *People* v. *Mezger,* 98 App. Div. 237, 90 N. Y. Supp. 488-490; *In re Ihmes' Estate,* 54 Iowa, 20, 134 N. W. 429-430. The thought of the framers of these sections of our Constitution was to provide for corporations whose chief aim and purpose was pecuniary gain. Therefore in my opinion the Gulf Coast Military Academy case was correctly decided, although the court in its opinion may have gone beyond what was necessary to the decision of the case.

If I am right in my views, it means that the legislature has put into one class all corporations for pecuniary gain, and provided that they shall not be exempt from taxation, except for the period and under the conditions provided in section 182, while all individuals are put in another class, whose property may be exempt from taxation at the will of the legislature and without limit. The question arises, then, whether such a classification would violate the equality clause of the Fourteenth Amendment of the Federal Constitution. As I understand, this question is answered in the negative by the cases of *Lumber Co.* v. *Arkansas,* 251 U. S. 532, 40 Sup. Ct. 304, 64 L. Ed. 396; and *Flint* v. *Stone Tracy Co.,* 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. It was held in

the first case named that that identical classification was permissible under the equality clause of the Fourteenth Amendment of the Federal Constitution. In the last case the court, it is true, was passing on the question, among others, of uniformity and equality of a federal tax laid under article 1, section 8, clause 1, of the Federal Constitution. This provision of the Constitution provides uniformity and equality in the taxes therein authorized. In discussing the question of the power to classify property for taxation the supreme court in that case used this language:

"In the case at bar we have already discussed the limitations which the Constitution imposes upon the right to levy excise taxes, and it could not be said, even if the principles of the Fourteenth Amendment were applicable to the present case, that there is no substantial difference between the carrying on of business by the corporations taxed, and the same business when conducted by a private firm or individual. The thing taxed is not the mere dealing in merchandise, in which the actual transactions may be the same, whether conducted by individuals or corporations, but the tax is laid upon the privileges which exist in conducting business with the advantages which inhere in the corporate capacity of those taxed, and which are not enjoyed by private firms or individuals. These advantages are obvious; and have led to the formation of such companies in nearly all branches of trade. The continuity of the business, without interruption by death or dissolution, the transfer of property interests by the disposition of shares of stock, the advantages of business controlled and managed by corporate directors, the general absence of individual liability, these and other things inhere in the advantages of business thus conducted, which do not exist when the same business is conducted by private individuals or partnerships. It is this distinctive privilege which is the subject of taxation, not the mere buying or selling or handling of goods, which may be the same, whether done by corporations or individuals."

Ethridge, J. (dissenting).

I dissent from the conclusion of the majority with the greatest reluctance, and only because I find myself wholly unable to reconcile chapter 184, Laws of 1922, with sections 181, 182, and 112 of the state Constitution. I appreciate fully the grave situation which confronted the legislature and the people of the state, making it desirable to encourage by every means possible the organization of domestic insurance companies, and the great difficulty there was as a practical proposition in organizing sufficient companies and getting the necessary capital to operate such business. For many years practically all of the fire insurance business and a large part of the life insurance business done in Mississippi was done through foreign insurance companies doing business in the state by permission of its statutes. The sudden withdrawal from the state of practically all of the fire insurance companies left the property and business of the state in a precarious, if not chaotic, condition. To obtain insurance it was necessary for citizens of the state to apply to agencies in foreign states, and made it both more difficult and expensive and less convenient to the people than it would be with domestic insurance companies having their property situated in the state. Under the conditions which existed it was both desirable and commendable for the legislature to offer whatever inducements it had the power to make to bring about the organization of such domestic insurance companies. There were a few foreign companies, however, who remained in the field and to the extent of their ability to do so took care of the business.

Chapter 184, section 1, Laws of 1922 (the pertinent part of the act), reads as follows:

"That in addition to the property already exempt from taxation, all insurance companies or associations organized or incorporated under the laws of the state of Mississippi and maintaining its domicile therein, shall be exempt for a period of five years from all taxes of whatso-

ever kind or character except *ad valorem* taxes on real estate, and privilege taxes." ·

Section 181 of the Constitution of 1890 reads as follows: "The property of all private corporations for pecuniary gain shall be taxed in the same way and to the same extent as the property of individuals, but the legislature may provide for the taxation of banks and banking capital, by taxing the shares according to the value thereof (augmented by the accumulations, surplus, and unpaid dividends), exclusive of real estate, which shall be taxed as other real estate. Exemptions from taxation to which corporations are legally entitled at the adoption of this constitution, shall remain in full force and effect for the time of such exemption as expressed in their respective charters, or by general laws, unless sooner repealed by the legislature. And domestic insurance companies shall not be required to pay a greater tax in the aggregate than is required to be paid by foreign insurance companies doing business in this state, except to the extent of the excess of their *ad valorem* tax over the privilege tax imposed upon such foreign companies; and the legislature may impose privilege taxes on building and loan associations in lieu of all other taxes except on their real estate."

Section 182 of the Constitution reads as follows:

"The power to tax corporations and their property shall never be surrendered or abridged by any contract or grant to which the state or any political subdivision thereof may be a party, except that the legislature may grant exemption from taxation in the encouragement of manufacturers and other new enterprises of public utility extending for a period not exceeding five years, the time of such exemptions to commence from date of charter, if to a corporation; and if to an individual enterprise, then from the commencement of work; but when the legislature grants such exemptions for a period of five years or less, it shall be done by general laws, which shall distinctly enumerate the classes of manufacturers and other new enterprises of public utility entitled to such exemptions, and shall prescribe

the mode and manner in which the right to such exemptions shall be determined."

Section 112 of the Constitution reads as follows:

"Taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value. The legislature may, however, impose a tax *per capita* upon such domestic animals as from their nature and habits are destructive of other property. Property shall be assessed for taxes under general laws, and by uniform rules, according to its true value. But the legislature may provide for a special mode of valuation and assessment for railroads, and railroad and other corporate property, or for particular species of property belonging to persons, corporations, or associations not situated wholly in one county. But all such property shall be assessed at its true value, and no county shall be denied the right to levy county and special taxes upon such assessment as in other cases of property situated and assessed in the county."

I agree with the majority holding that individuals cannot under our statutes engage in the insurance business. It is true individuals are not expressly prohibited by statute from doing an insurance business, and neither has the insurance business been specifically declared by statute to be a business affected with the public use, which would authorize the legislature to exclude individuals engaging therein. But a careful consideration of the provisions of law contained in the insurance chapter of the Code and its amendments clearly shows that it excluded individuals and contemplates that the business can only be done by such organizations as are classed as corporations by section 199 of the Constitution which defines:

"The term 'corporation' used in this article shall include all associations and all joint-stock companies for pecuniary gain having privileges not possessed by individuals or partnerships."

I cannot see how under section 181 of the Constitution the legislature can exempt property from taxation when held by a corporation and the same property when held

by an individual be taxed, and the fact that the individual does not do the business which is done by a corporation would be wholly immaterial if the individual owns the same kind of property that a corporation owns. The act here under consideration, chapter 184, Laws of 1922, does not exempt property devoted exclusively to the use of conducting an insurance business, but exempts all property of every kind and description except *ad valorem* taxes on real estate and privilege taxes. Under the terms of the act the property owned by insurance companies or associations which are organized or incorporated under the laws of the state and which maintain their domicile in the state is exempt from all these taxes, and even if the legislature had undertaken to exempt property devoted to the use of insurance it would be unconstitutional, unless individuals and partnerships could also do the business and their property be also exempt. In other words, in my opinion, the legislature cannot evade the Constitution by the simple expedient of classifying a business as being affected with a public use and prohibiting individuals from engaging therein, and then, after so doing, exempting the property of such corporations from all sorts of taxes. That the power of the state to declare certain kinds of business to be affected with a public use is very large, and the precise limits thereof cannot be clearly foreseen or foretold, but must be left to the legislative discretion and the circumstances existing at the time, is shown by a careful reading of the opinion in the case of *Munn* v. *Illinois,* 94 U. S. 113, 24 L. Ed. 77, wherein the United States supreme court elaborately considered the question and held that the state had very large powers in that respect, and was not limited to such corporations as were considered affected by a public use at the common law. Since rendering this decision the United States supreme court has decided that the insurance business may be declared by the legislature to be affected by a public use and that individuals may be prohibited from engaging in such business, and has also held the same about banks and other business not necessary to be set forth here.

434 City of Jackson *v.* Mississippi Fire Ins. Co. [Sup. Ct.

Dissenting Opinion.                    [132 Miss.

Of course, the plain meaning of section 181 of the Constitution was to prevent discrimination in favor of corporations who were in business for pecuniary gain, and to place their property on the tax roll to be taxed at the same rate and in the same manner as that of an individual having the same kind of property, subject, of course, to the exceptions contained in sections 181 and 182 of the Constitution. Section 181, providing specifically that banking capital might be taxed as therein provided, and that building and loan associations might be taxed by a privilege tax only in lieu of all other taxes except on real estate, intended to include in the first part of the section all other property of every kind and nature, except that named on the Constitution.

I have had some doubts as to the provision of section 181 which provides:

"And domestic insurance companies shall not be required to pay a greater tax in the aggregate than is required to be paid by foreign insurance companies doing business in this state, except to the extent of the excess of their *ad valorem* tax over the privilege tax imposed upon such foreign companies."

This portion of the section is not entirely clear to my mind; that is to say, it is not entirely clear whether the legislature could provide a scheme for taxing such companies in a different way and at a different rate or to a different extent from that of an individual. It seems to be the purpose of this section to prevent the imposition of higher privilege or excise taxes upon domestic companies than were placed upon foreign companies and probably would exclude taxes like franchise taxes and income taxes from being imposed on domestic companies, especially as to such business as they might do beyond the limits of the state. It seems to me, however, that the section does not contemplate that exemptions can be granted to domestic insurance companies on This court has elaborately considered section 181 of the such property as is taxable in the hands of individuals.

Constitution in the case of *Adams* v. *Railroad Co.,* 77 Miss. 194 et seq., 24 So. 200, 317, 28 So. 956, 60 L. R. A. 33. At page 276 of the Mississippi report of that opinion (24 So. 216, 60 L. R. A. 33) the court said:

"All exemptions from taxation necessarily increase the burdens imposed on the property not exempt, and are directly injurious to the taxpayer. The incidental benefits which it is supposed may result to him, in common with the community at large, are speculative, and not often a compensation for the immediate injury sustained. Invidious exemptions or discriminations, by which the property of an individual or of a corporation is relieved from bearing a just proportion of the common burden taxation is intended to discharge, are violative of the equality of right of the citizen, which is a fundamental principle of our institutions. To prevent any exemption or discrimination in favor of corporations, to subject their property to the same rate of taxation to which the property of individuals of the same kind is subject, is the purpose of the constitutional provision, clearly expressed: 'The property of corporations now existing, or hereafter created, shall forever be subject to taxation the same as property of individuals,' etc. The argument of appellee, that it was intended only to reserve to the legislature the power of subjecting corporate property to the taxation imposed on individuals, and to avoid the introduction into charters of irrepealable exemptions, or discriminations, cannot be supported. Reading these constitutional provisions in the light of their history, and with a due regard to the words in which they are expressed, it is impossible for us to doubt that it was not competent for the general assembly, in the imposition of taxes, to distinguish or discriminate in favor of corporate property subject to taxation. If property of a particular kind is subjected to taxation, and owned by a corporation, it must bear the rate of taxation imposed on individuals. While the Constitution inhibits the exemption or discrimination in favor of corporations, it equally inhibits a discrimination against

them.   Equality in bearing a common burden, which is natural right and equity, is secured alike to the corporation and to the citizen."

At page 273 of 77 Miss., at page 215 of 24 So. (60 L. R. A. 33), in discussing the decision in *Mississippi Mills* v. *Cook,* 56 Miss. 40, the court said:

"One of the vices of the decision in *Mississippi Mills* v. *Cook* is that it did not hold that all the property of private corporations for pecuniary profit was required to be taxed by the terms of the Constitution (sections 13 and 20, art. 12), just as, and when, the property of individuals was. Instead of doing this, the court decided that all such property was free from taxation unless the legislature expressly subjected it to taxation, even though the property of private individuals was taxed, inverting the rule of the Constitution.   It was certainly an idle performance to declare, as the court did declare, that the whole effect of the constitutional provision was to render the property of private corporations for pecuniary profit liable to taxation; that everybody knew, and to so limit the constitutional declaration was to emasculate it."

The learned justice then commented on the experiences which the state had had with corporations seeking tax exemptions between 1832 and 1869, and of the purpose of the convention of 1869 of leaving the power in the hands of the legislature to subject property of corporations for pecuniary profit at any time it saw proper and overruled the *Mississippi Mills case, supra,* in so far as it held that the legislature could exempt property from taxation when the same property in the hands of an individual would be taxable.   Commenting on this decision, at page 285 of 77 Miss., at page 219 of 24 So. (60 L. R. A. 33), the court said:

"The opinion of the court declares as its gist that section 13 was not mandatory upon the legislature to tax the property of private corporations for pecuniary profit whenever the property of individuals was taxed. It distinctly put the property of such private corporations, as

to the power to tax them or exempt them, in a class by themselves distinct from the class of individuals. In other words, it held that although the property of individuals might be taxed, yet the property of such corporations might be at the same time exempted by the legislature from taxation, provided such exemption extended to all corporations of the same class in the state. We think it is perfectly manifest that the language, 'the same as the property of individuals,' imperatively commanded the legislature, whenever they tax the property of private individuals, to tax also the property of such corporations, and under the same rules of equality and uniformity. It was well said by Justice CAMPBELL that this provision of section 13 'sprang from the experience that corporations were in the habit of asking and obtaining legislative exemption from liability to taxation.' That experience the state had acquired in the thirty-seven years elapsing between the Constitution of 1832 and the Constitution of 1869, and that experience was wisely availed of to put an end to the grant of exclusive privileges to such corporations. It marked a new era in the history of corporate taxation in this state; it laid down a fundamental new line of great public policy, one that will be found essential to the preservation of the rights of the people, as is abundantly attested by the experience of older states dealing with such corporations. It is that feature of the decision thus holding that this section 13 merely permitted the taxation of such corporations, but did not require that taxation whenever the property of individuals was taxed, and in just the same manner in all respects as the property of private individuals was taxed, which we now condemn and overrule."

It seems to me that the decision now rendered re-establishes the very thing that was overruled and condemned by the court in the *Adams case, supra,* in overruling the *Mississippi Mills case,* 56 Miss. 40.

The latest pronouncement of this court upon this subject also announces the doctrine of equality between the citizen and the corporation in bearing the burdens of taxa-

tion in the case of *Harrison County* v. *Gulf Coast Military Academy,* 126 Miss. 729, 89 So. 617, which case the majority opinion relies on in support of its present conclusion, but which is wholly different from the present case, because as to schools of all kinds (except public schools) an individual may own and operate them as well as corporations, whereas in the insurance business an individual is absolutely precluded from doing the business at all. It is a long step from that case to this one. This court has consistently, from the decision of the case of *Adams* v. *Railroad,* 77 Miss. 194, 24 So. 200, 317, 28 So. 956, 60 L. R. A. 33, down to this date, held to the theory that there must be absolute equality between the citizen and the corporation in bearing the burden of taxation. *Panola County* v. *Carrier & Son,* 89 Miss. 277, 42 So. 347; *People's Warehouse Co.* v. *Yazoo City,* 97 Miss. 500, 52 So. 481; *Robertson* v. *United States Nursery Co.,* 121 Miss. 14, 83 So. 307; *Robertson* v. *Planters' Oil Works,* 127 Miss. 610, 90 So. 325; *Adams* v. *Bullock,* 94 Miss. 27, 47 So. 527, 19 Ann. Cas. 165; *Robertson* v. *Mississippi Valley Co.* (Miss.), 77 So. 253; *Robertson* v. *K. C. Lumber Co.* (Miss.), 77 So. 246; *Robertson* v. *Mississippi Valley Co.,* 120 Miss. 159, 81 So. 799.

My own views upon this phase of the case were elaborated in the last cases cited above. My views were founded upon the decision in *Adams* v. *Railroad,* 77 Miss. 194, 24 So. 200, 317, 28 So. 956, 60 L. R. A. 33, and subsequent cases following it. It would seem from some of the language used in sections 181 and 182 of the Constitution that the constitutional convention intended to eliminate all exemptions to corporations for pecuniary gain, except as expressly authorized in said sections. In section 181 it is said:

"Exemptions from taxation to which corporations are legally entitled at the adoption of this Constitution, shall remain in full force and effect for the time of such exemption as expressed in their respective charters, or by general laws, unless sooner repealed by the legislature."

This expression, taken in connection with the whole section, seems to indicate that it was not the purpose of the Constitution makers to permit exemptions not already granted to such corporations at all. This is followed up in section 182 of the Constitution with the provision that:

"The power to tax corporations and their property shall never be surrendered or abridged by any contract or grant to which the state or any political subdivision thereof may be a party, except that the legislature may grant exemption from taxation in the encouragement of manufactures and other new enterprises of public utility extending for a period not exceeding five years," the time of the exemption to commence at the date of the charter or beginning of the work, according as to whether it was an individual or corporate enterprise.

A careful consideration of the whole chapter on corporations in the Constitution demonstrates to my mind that it was the firm purpose of the constitutional convention of 1890 to prevent legislative favors to corporations which are not extended to individuals, and it was certainly their purpose to make the great railroad and other public service corporations contribute their due proportion to the expenses of the government. I think the construction placed upon section 181 in the case of *Adams* v. *Railroad, supra,* is a just one, that gives equal right to all persons engaged in the same pecuniary business and it was the purpose of the constitutional convention only to allow exemptions of property in favor of a use to which the property was to be devoted to extend only to non-profit making institutions, and that when the legislature undertakes to exempt property devoted to a use, and not exempt all property *eo nomine,* the use must not be to a business which seeks pecuniary gain as its sole object. Of course, a charitable institution may require some fee or reward for some service, but profit making must not be its object. Considering sections 181, 182, and 112 of the Constitution together, it is clear to my mind that the act under review cannot be upheld.

I do not think there is any merit in the federal questions assigned for error. The privileges and immunities clause of the federal Constitution does not arise here, because a person cannot engage in the business of insurance, and the citizens of the several states under our law can become incorporators equally with the citizens of this state. In so far as the question of the equal protection of the law is concerned, I think the state has authority to make the classification which it has as against foreign insurance companies under the authority of *Cheney Bros. Co. et al.* v. *Massachusetts,* 246 U. S. 147, 38 Sup. Ct. 295, 62 L. Ed. 632, 38 Sup. Ct. 295, and *N. W. Mutual Life Ins. Co.* v. *Wisconsin,* 247 U. S. 132, 38 Sup. Ct. 444, 62 L. Ed. 1025.

I cannot forbear, however, to register my dissent from the announcement in the majority opinion that the city cannot raise this question. The city is an agency of the state government and has been given the power to sue and be sued. Under our laws all property is taxable unless specifically exempt and a city has a right to levy and collect the tax here involved unless the exempting statute is valid. It is in no sense seeking to assert some other person's right, but is seeking to assert its own right, and is met by the statute as a defense to that right. If the statute is valid, the defense was complete and the city's right annulled. If the statute is void and unconstitutional, it is no defense to recovery.

Section 4805, Code of 1906 (Hemingway's Code, section 3169), gives the state a right to bring all actions and to have all remedies to which individuals are entitled in a given case, and like provisions are given counties and cities by the state. In the case of *State* v. *Nichols,* 39 Miss. 318, 2 Morris' State Cases, 1358, it is stated in the second syllabus:

"The state of Mississippi is as properly a plaintiff in a prosecution or suit instituted in her name as a private individual, and hence is entitled to all the remedies provided by law for plaintiffs against sheriffs or other of-

ficers for misconduct in the execution and return of process."

In the case of *Hines* v. *State,* 10 Smedes & M. 529, it was held that the state of North Carolina was entitled to bring an action in the courts of this state. Mr. Justice THACHER in that case said: "The state of North Carolina is entitled, as a corporation, to institute actions in this state."

And the doctrine is generally acknowledged that a state, by reason of its sovereignty, is entitled to maintain an action at law or suit in equity in its own courts, and, by comity, in the courts of any other sovereignty. 25 R. C. L., p. 408, section 44.

In the case of *State of Missouri* v. *Holland,* 252 U. S. 416, 40 Sup. Ct. 382, 64 L. Ed. 641, the United States supreme court held that the state of Missouri was a proper party complainant to bring an injunction suit against a federal officer seeking to enforce the provisions of the federal Migratory Bird Law. At page 431, of 252 U. S., at page 382 of 40 Sup. Ct., at page 647 of 64 L. Ed., the court said:

"The state also alleges a pecuniary interest, as owner of the wild birds within its borders and otherwise, admitted by the government to be sufficient, but it is enough that the bill is a reasonable and proper means to assert the alleged quasi-sovereign rights of a state"—citing *Kansas* v. *Colorado,* 185 U. S. 125, 142, 22 Sup. Ct. 552, 46 L. Ed. 838, 844; *Georgia* v. *Tennessee Copper Co.,* 206 U. S. 230, 237, 27 Sup. Ct. 618, 51 L. Ed. 1038, 1044, 11 Ann. Cas. 488; *Marshall Dental Mfg. Co.* v. *Iowa,* 226 U. S. 460, 462, 33 Sup. Ct. 168, 57 L. Ed. 300, 302.

In each of these cases the right of the state to bring a suit for the protection of its interests is recognized by the Federal supreme court.