MILLER, STATE TAX COLLECTOR, FOR USE OF MISSISSIPPI
LEVEE DIST. v. COLUMBUS & G. RY. CO.

(In Banc. May 6, 1929.)

[122 So. 366. No. 27678.]

318

*Franklin, Easterling & Fox,* of Jackson, and *P. C. Canizaro,* of Vicksburg, for appellant.

*Gardner, Odom & Gardner,* of Greenwood, for appellee.

*Watkins, Watkins & Eager,* of Jackson, for appellee.

Argued orally by *P. C. Canizaro* and *Lamar F. Easterling,* for appellant, and by *A. F. Gardner,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The defendant owns and operates a railroad, eighteen and forty-one hundredths miles of which lie in the Mississippi levee district, and this suit is to recover from it the sum of twelve thousand one hundred fifty dollars and sixty cents, levee taxes alleged to be due by it for the years 1926 and 1927, and statutory damages thereon. A demurrer to the tax collector's declaration was sustained in the court below, and his suit dismissed.

Chapter 7, Laws of 1886, imposed a levee tax on railroads in the Mississippi levee district of one hundred dollars per annum on each mile of the main line thereof in the district. This statute was amended by chapter 282, Laws of 1914, so as to impose a tax of three hundred fifty dollars per annum upon each mile of the main line of railroads in the district. By chapter 259, Laws of 1926, the 1914 statute was amended by adding thereto the following: "Provided, further, that the tax per mile per annum on the main line of any railroad company which does not own in excess of twenty-five miles of railroad in

the Mississippi levee district shall be fifty dollars per annum."

The appellee paid fifty dollars per mile on its eighteen and forty-one hundredths miles of railroad in the district for the years 1926-1927, and this suit is to recover the difference between that amount and three hundred fifty dollars per mile and damages thereon. The appellant's contentions are: That chapter 259, Laws of 1926, is void, and that consequently chapter 282 of the Laws of 1914 remains in full force and effect; but, if mistaken in this, that the proviso in chapter 259, Laws of 1926, is void.

Chapter 259, Laws of 1926, divides railroads into two classes: First, railroads having not more than twenty-five miles of railroad in the levee district; and, second, all other railroads therein. The ground of the appellant's contention is that this classification has no reasonable relation to the purpose for which the statute was enacted, but is arbitrary and unreasonable, and therefore in violation of the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution. This is so manifestly correct that the citation of authorities therefor would be supererogatory. It will not be necessary for us to decide whether this results simply in the proviso of chapter 259, Laws of 1926, being void, or in the whole statute being void, for in either event the tax which the appellee will have to pay will be the same; that is, three hundred fifty dollars per annum on each mile of its railroad in the levee district.

But it is said that the question of the statute's constitutionality, because of its arbitrary discrimination between railroads, can be raised only by a railroad therein discriminated against. The rule thus invoked "is that a court will not declare a statute void because of repugnance to a provision of a Constitution for the protection

of persons, unless requested so to do by a person of the class for whose protection the provision of the Constitution was adopted." *City of Jackson* v. *Miss. Fire Insurance Co.*, 132 Miss. 415, 95 So. 845. There are several exceptions to this rule, and according to counsel for the appellant there are two such exceptions within which this case comes: First, this rule does not apply where taxes claimed to be due the state or its subdivisions are involved; and, second, it does not apply where there is no probability of the validity of the statute being challenged by one of the class discriminated against, or, if so challenged, it will not be necessary for the court to decide that question. We will pretermit the first of these contentions, and come at once to the second, which is supported by authority.

In event a railroad discriminated against by this statute should challenge the validity thereof on the ground that it is arbitrarily discriminated against, it would not be necessary for the court to decide the question, for so to do would profit the complaining railroad nothing; for, if the statute should be held void, chapter 282, Laws of 1914, would remain in full force and effect, under which the complaining railroad's tax would be three hundred fifty dollars per mile, the exact amount imposed by chapter 259, Laws of 1926; or, if the proviso only of chapter 259, Laws of 1926, is void, the same result would follow. This rule seems not to have been called to the attention of this court, and was overlooked by it, in the case of *City of Jackson* v. *Mississippi Fire Insurance Co.*, 132 Miss. 415, 95 So. 845.

Again, it is said that the appellant cannot challenge the validity of the statute, for the reason that the declaration does not allege that the statute is void, for the reason that it arbitrarily discriminates between railroads. No such allegation in the declaration was necessary, for the reason that the defect appears on the face of the statute.

The appellee's last contention is that chapter 7, Laws of 1886, as amended by the statutes hereinbefore referred to, is void for the reason that the tax thereby imposed is on property, and therefore violates section 112 of the state Constitution, which was adopted in 1890. It will not be necessary for us to decide whether these statutes conflict with that section of the Constitution. When the Constitution was adopted, chapter 7, Laws of 1886, was in full force and effect, and was recognized and continued in force by section 236 of the Constitution, which provides that "the Legislature shall impose for levee purposes, *in addition to the levee taxes heretofore levied or authorized by law,* a uniform tax of not less than two nor more than five cents an acre, per annum, upon every acre of land now, or hereafter, embraced within the limits of either, or both, of said levee districts." The words we have italicized recognize the validity of the tax here in question and authorize the Legislature to continue to impose it. The demurrer to the declaration should have been overruled.

*Reversed and remanded.*