ROBERTSON, REVENUE AGENT, *v*. PLANTERS' OIL WORKS.

[90 South. 325. No. 22223.]

EVIDENCE. *Deed near time for assessment is admissible as to value, but not if given some time previous, unless any variation in value is shown.*

A deed given at or near the date fixed as the time for liability for assessing property for taxation is admissible on the question of value; but its recitals as to consideration are not conclusive, but are subject to explanation or contradiction. If an appreciable lapse of time exist between the date for assessment and the date of sale, such deed is not admissible, unless the party offering it in evidence couple it up by showing there was no variation in values between such dates, or, if there is a variation, by showing the nature and extent thereof, with reasonable certainty.

APPEAL from circuit court of Coahoma county.
HON. W. A. ALCORN, JR., Judge.

Stokes V. Robertson, a state revenue agent, gave notice to the county tax collector to back assess taxes against the Planters' Oil Works for certain years, on the ground that it escaped taxation on its capital stock and undivided profits. The board of supervisors disallowed the same, and

the Revenue Agent appealed to the circuit court, in which there was a peremptory instruction for the defendant, from which the revenue agent appeals.    Affirmed.

*Maynard, Fitzgerald & Venable,* for appellant.

*J. W.* and *J. C. Cutrer,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The state revenue agent gave notice to the county tax assessor to back assess against the Planters' Oil Works, a corporation, its capital stock at seventy-five thousand dollars for the years 1910, 1911, and 1912, on the ground that it escaped taxation on its capital stock and undivided profits.    The tax assessor made the assessment as requested and notified the board of supervisors that he had made said back assessment and had given notice to the parties to appear at the next regular meeting of the board, to be held ten days next after the reception of this notice by them, to then and there make such objections as they saw proper; said additional assessment being for the amount of seventy-five thousand dollars for the year 1910, seventy-five thousand dollars for the year 1911, and seventy-five thousand dollars for the year 1912.    On the 2d day of April, 1917, the board of supervisors met and considered the said back assessment and disallowed the same, from which the revenue agent appealed to the circuit court.

The tax assessor was introduced as a witness on the trial, and identified the roll as being the assessment roll containing the assessment made against the Planters' Oil Works; that it was made and signed by him in his official capacity as tax assessor.    The assessment book was offered in evidence showing said assessment.    On cross-examination the assessor stated that he had no personal knowledge of the value of the property so assessed by him.    He also testified that he had no recollection as to whether he gave the notices to the corporation or not.

The regular assessments for the years 1910, 1911, and 1912 were offered in evidence, showing the property for the year 1910 assessed at thirty thousand dollars, for the year 1911, thirty thousand dollars, and for the year 1912, thirty thousand, one hundred and thirty-five dollars, under title of the amount of capital employed in manufacturing, with one adding machine at the value of one hundred dollars and one typewriter at the value of thirty-five dollars. The land roll for the years 1908 and 1910 showed the total value of land cleared and uncleared twenty thousand dollars. The land roll for 1914 showed the lands cleared and uncleared to the Planters' Oil Works the value of twenty thousand dollars.

A deed was then offered in evidence from the Planters' Oil Works to the Planters' Manufacturing Company to certain lands owned by the Planters' Oil Works for the consideration of ten thousand dollars, under date of 1st day of October, 1912, and a deed on the same day for the consideration of ninety thousand dollars for the personal property, being the plant and equipment of the Planters' Oil Works, and also introduced the charter of incorporation of the Planters' Oil Works, showing the capital stock of seventy-five thousand dollars. The deeds offered were objected to by the defendant; objection sustained on the ground that they were too remote.

The defendant introduced the treasurer of the Planters' Oil Works, who testified that he was treasurer during the years involved, and further testified that the defendant owned no other property than the lands, buildings, and equipment, and that the assessment for the years 1910, 1911, and 1912 for around thirty thousand dollars included all property outside of the real estate, and represented the full value of the property. He testified that he did not know where the books of the corporation were; that it went out of business about the time of the sale in 1912; that he and the manager made up the return for assessment; that they were trying to sell the corporation assets for most anything they could get for it prior to the sale,

and that they had lost money upon the plant; that he thinks it was sold for fifty cents on the dollar on the stock, maybe less; that they sold the whole capital stock; that some of the old stockholders of the Planters' Oil Works constitute some of the incorporators of the new company, and some of them are new. There was a peremptory instruction for the defendant, from which the revenue agent appeals.

The contention of the appellant is stated partially in the following words:

"It cannot be disputed that this corporation has never paid on its capital stock, but only on certain articles of personal property and real estate. It cannot be disputed also that if the value of the capital stock is greater than the value of the real and personal property that this corporation has escaped taxation, having never been assessed on it. The only question presented, then, is whether or not the revenue agent has produced sufficient evidence to go to the jury on the question of the value of the real and personal property. This, it seems to us, must follow from our statutory scheme of assessing property of corporations.

"The only possible question would be whether or not the proceedings for the back assessment of this corporation lack some essential element of validity so as to render the assessment void.

"In our opinion, this case is controlled and decided by the case of *Robertson* v. *United States Nursery Co.*, as reported in 121 Miss. 14, 83 So. 307. In the trial of this case, the learned court below fell into the same error that it did on the trial of the Robertson case. It is decided in the Robertson case that the acts of a tax assessor made in line of official duty are presumed to be correct and are entitled to the usual presumption of correctness which attends the acts of public officers. It was therefore held that the assessment rolls showing the assessment for back taxes in a certain amount was presumed to be correct, and threw the burden of proving the incorrectness and showing the

value of capital stock which has escaped taxation upon the appellee."

In the case of *Robertson* v. *United States Nursery Co.,* 121 Miss. 14, 83 So. 307, above referred to, this court held that an assessment made by an assessor is presumed to be correct and is entitled to the usual presumption of correctness which attends the acts of public officers.

In the case before us the assessment for the years 1910, 1911, and 1912 were made on the capital employed in manufacturing, with some little additional property in 1912. The capital stock, *co nomine,* was not assessed, and it was held in *People's Warehouse Co.* v. *Yazoo City,* 97 Miss. 500, 52 So. 481, that, if the market value of the stock of a corporation exceeded the value of its gross real and personal property it was subject to taxation upon the excess of such value above the value of the real and personal property.

The appellant complains of the exclusion of the deed showing a sale on the 1st day of October, 1912, and contends that at least as to that year the deed was competent evidence. The recitals of these deeds show that on the 1st day of October, 1912, the property sold for one hundred thousand dollars. It had been assessed for only fifty thousand dollars for both its personal and real property.

It is contended by the appellee that, if the deeds were in evidence, they were not competent as such because the value of October 1st had no tendency to show its value on February 1st, and especially the value of the property on February 1, 1910 and 1911. In ruling on the evidence the court held that it was too remote. There was no offer of evidence to show that the value of February 1st and October 1st were the same, nor was there any evidence nor an offer to couple up these dates by showing the extent and amount of fluctuation of the kind of property involved between these dates.

In the case of *Gloster Compress, etc., Co.* v. *Gloster,* 115 Miss. 578, 76 So. 550, it was decided that it was competent for a property owner to show in an assessment proceeding

the *bona-fide* offer to take a given sum for the property. We think that a deed reciting a consideration at or near the time of the transaction was competent upon the question of value, but, if some appreciable interval of time elapses between the sale and the assessment in controversy, then to make such deed competent it would be incumbent upon the proponent of the deed to show by proper evidence the extent of fluctuation in value, or, if there were none, to show that fact by competent proof. When this is done, the deed would be competent evidence. Of course it would not be conclusive, because the recitals as to consideration could be shown to be untrue and that the real consideration was not the amount recited in the deed. Inasmuch as this proof was not supplied in the present case, and there was no offer by the appellant to supply this proof, the action of the court in excluding the deed must be upheld. The original assessments of the property for the years 1910, 1911, and 1912 were shown to be the same, and this would have a tendency at least to show that there was no variance in the value during this period of time but there is no proof to show that the value was the same on the 1st day of October that it was on the 1st day of February, or vice versa.

The proof for the appellee tended to show that the property was assessed at its real value. In the absence of some showing such as the introduction of a deed properly coupled up, the proof of the defendant would prevail over a mere unapproved assessment by the tax assessor.

The judgment of the court below will be affirmed.

*Affirmed.*