CHRISTINE H. GILBERT *v.* LEWISBURG ICE CREAM COMPANY

(No. 8265)

Submitted January 14, 1936. Decided February 25, 1936.

*H. L. Van Sickler* and *Joseph M. Holt,* for plaintiff in error.

*E. L. Maxwell,* for defendant in error.

LITZ, JUDGE:

Defendant, Lewisburg Ice Cream Company, a corporation, is aggrieved by a judgment rendered against it on the verdict of a jury in favor of the plaintiff, Christine H. Gilbert, for personal injuries, and damages to her automobile in the sum of $5,625.00.

Plaintiff was injured in a collision between her automobile, in which she was riding while driven by her husband, J. C. Gilbert, and a motor truck owned and operated by defendant. The automobile was practically demolished. The accident occurred about seven-forty-five A. M., September 14, 1934, near the village of Maxwelton, in Greenbrier County, on what is known as the Senaca Trail Highway (officially designated U. S. Route 219), the hard surface of which is sixteen feet in width. The machines were traveling in opposite directions and collided on the left side of the road in the direction the automobile was moving. According to the testimony of Mr. and Mrs. Gilbert, the truck was 85 or 90 feet away, when it first came into view, traveling entirely on the left side of the road, and that Gilbert immediately steered the automobile to the opposite side for the purpose of avoiding a clash. This expedient failed because the truck driver, on discovering the automobile, turned the truck to the right. The truck driver admits that the truck was occupying a large portion of the left side of the road shortly before the accident, but states that it had moved completely to the right side before the collision.

Defendant contends (1) that even though the truck had remained on the left side of the road up to the point of accident, the driver of the automobile could have prevented the collision by driving on to the right berm; (2) that the automobile was traveling at an excessive rate of speed; and (3) that the issue of damages to the automobile should not have been submitted to the jury.

First: Gilbert says he could not have safely driven over the right berm. It is ordinarily a question of fact for the jury to determine whether or not a motorist is justified in turning to the left in order to avoid another vehicle coming from the opposite direction on the wrong side of the road. *Lawson* v. *Dye*, 106 W. Va. 494, 145 S. E. 817, 63 A. L. R. 271, 280; 24 A. L. R. 1304, 1308; *Sullivan et al.* v. *Morris*, 50 Ga. App. 394, 178 S. E. 324. Accord: 79 A. L. R. 1277, 1295; 27 A. L. R. 1197, 1206; 6 A. L. R. 680. "The driver of a vehicle may be justified in leaving the right-hand side of the road when he is in danger of a collision with another vehicle which is violating the law of the road * * * ." Huddy Encyclopedia of Automobile Law, section 104. "In determining whether or not a person was justified in turning out to the left, the usual rules applicable to acts in emergencies generally apply and, where the dangerous situation is brought on by defendant's negligence, plaintiff's conduct in turning to the left is not to be judged by the rules and measurements of a calm calculation, but must be judged by its reasonableness in the light of the circumstances as they appeared to him in the situation in which he found himself, * * * ." 2 Blashfield Cyclopedia of Automobile Law and Practice, section 920, page 66.

Second: Gilbert testified he was traveling "around" thirty miles an hour at the time he was confronted by the emergency. This, defendant urges, was an unlawful rate of speed under section 12, article 8, chapter 17, Code 1931, which provides that a person operating a motor vehicle, upon approaching a sharp curve shall reduce his speed so as not to exceed fifteen miles per hour, and that any curve which is designated by any sign or marker under the provisions of the act shall be conclusively pre-

sumed to be a sharp curve. The evidence is not sufficient to prove, as a matter of law, that the automobile was approaching a sharp curve within the meaning of the statute at the time of the accident. This issue was, therefore, determinable by the jury.

Third: The trial court instructed the jury, in estimating the damages, to "take into consideration the value of the automobile which was destroyed at the time of the collision." This instruction is objected to on the ground that the only evidence of value of the car at the time of the accident is the price paid for it two months before and the cost of repairs, amounting in all to $305.00. No objection was offered to the evidence. The price paid for the car is presumptive evidence of its value. *Dingman* v. *St. Louis Public Service Co.*, (Mo. App.) 52 S. W. (2d) 584; *Cline* v. *Northern Pac. Ry. Co.*, 123 Wash. 86, 211 Pac. 878.

Objections by the defendant to other instructions for the plaintiff are based upon points involving the merits, heretofore considered.

The judgment of the circuit court is affirmed.

*Affirmed.*