GOWAN et al. v. STATE HIGHWAY COMMISSION.

(Division B. Sept. 28, 1942.)

[9 So. (2d) 637. No. 34965.]

A. M. Warwick, of Carthage, for appellants.

Greek L. Rice, Attorney-General, by Russell Wright, Assistant Attorney-General, for appellee.

Griffith, J., delivered the opinion of the court.

The owners have appealed from the verdict and judgment in an eminent domain proceeding. We find no re-

versible error in the record, but deem it appropriate to discuss one of the assignments.

The land in question was purchased by Dr. Gowan, the husband and father of appellants, on March 28, 1932, at a price of ten dollars per acre, as shown by the deed. The trial here being reviewed was held on November 29, 1940. The condemnor was allowed to introduce this deed in evidence over appellants' objection.

The general rule sustained by the weight of the authorities is that the price paid for the identical land by the present owner or by a party in privity with him is admissible in evidence, provided the time was close enough to throw some light on the question of present value. And while we have found no case in eminent domain proceedings wherein this has been permitted to be shown by the deed itself, including its recital of the consideration, it has been ruled that such a deed is admissible in assessment proceedings, with the reservation, however, that the recited consideration shall not be taken as conclusive and that the subsequent changed or changing conditions which would affect the price must be shown. Robertson v. Planters' Oil Works, 127 Miss. 610, 615, 90 So. 325. Being admissible in a hearing between the owner and the taxing authorities, it follows with equal reason that such a deed is admissible in a trial between the owner and any public agency authorized to condemn.

When a deed to the identical property appears to have been freely made and there is nothing to indicate, as a probability, that the actual consideration was other than as recited, the instrument should be admitted, if not too remote in point of time. Compare Hiller v. Jones, 66 Miss. 636, 640, 6 So. 465. The court instructed the jury at the request of appellants that the recitals in the deed as to price had no conclusive effect. Deeds to neighboring property and between third persons are not competent. Levee Comm'rs v. Nelms, 82 Miss. 416, 420, 34 So. 149.

Upon the issue of remoteness in point of time, a wide discretion is vested in the trial court, and appellate courts are reluctant to reverse on that issue. It must be said, however, that in nearly all the reported cases the trial court has been sustained in rejecting sales made so far back of the day of trial as was the period in this case,—between eight and nine years. See Orgel on Valuation under Eminent Domain, secs. 134-137. We would have been better satisfied, therefore, had the trial court rejected the deed as evidence; but in view of the fact that the jury viewed the premises and that the factors which would operate to the enhancement of the value of the land since its purchase were rather fully shown by the evidence of several witnesses, who were not disputed, and that the verdict was far in excess of ten dollars per acre, we have concluded that no substantial ground exists for a reversal upon this point, and as already stated there is not sustainable ground in the other assignments.

Affirmed.