LIPSCOMB *v.* DALTON.

Dec. 14, 1953

No. 38929 46 Adv. S. 70 68 So. 2d 430

*Luther A. Smith, Thomas Ott,* Hattiesburg, for appellant.

356

*M. M. Roberts,* Hattiesburg, for appellee.

Holmes, J.

This suit was originally brought in the Chancery Court of Forrest County by W. E. Eastburn against Mrs. C. L. Lipscomb, administratrix of the estate of her deceased husband, C. L. Lipscomb, seeking to recover the sum of $821.48 for forty (40) Jewel Model 501 Radios, alleged to have been purchased by and shipped and consigned to

the complainant, and erroneously delivered by the carrier, Railway Express Agency, to the defendant, and sold and disposed of by the defendant without accounting to the complainant therefor.

The original bill was filed on August 19, 1947. The cause was continued from time to time until June 30, 1950, when a hearing was had and testimony heard, including the testimony of the complainant, and at the conclusion of the hearing the chancellor took the case under advisement for the further hearing of testimony and a decision in vacation. In the meantime, the complainant, W. E. Eastburn, died and the administration of his estate was concluded and this cause was revived in the name of Stanley Roger Dalton, the sole beneficiary of his estate. On the 26th day of September, 1952, a final hearing was had and a final decree rendered, finding that the radios in question had been received by the defendant and not accounted for and adjudging the said Stanley Roger Dalton to be entitled to recover of the defendant the sum of $821.48 and costs, and from this decree the defendant appealed.

The suit arises out of the following state of facts: The defendant's decedent, C. L. Lipscomb, at the time of his death on March 17, 1946, was the owner and operator of Dixie Auto-Lec Store in the City of Hattiesburg, and was engaged in the business of selling at retail radios, various household accessories and appliances, and automobile parts. The original complainant, W. E. Eastburn, who lived at Hattiesburg, was preparing in the early part of the year 1946 to open four Auto-Lec Stores, one at Ellisville, Alabama, one at West Point, Mississippi, one at Brookhaven, Mississippi, and one at Ackerman, Mississippi. Before these stores were opened, Mr. Eastburn ordered through the Concession Enterprises, New Orleans, Louisiana, factory representative for the firm in New York handling the Jewel Model 501 Radios, 100 of such radios for each of the stores he was preparing to

open. Before the stores were opened, a shipment of 20 of the radios arrived at Brookhaven consigned to Auto-Lec Store there, and 20 of the radios arrived at Ackerman consigned to the Auto-Lec Store there, both of these shipments being from the Jewel Radio Corporation in New York. Since the stores at Brookhaven and Ackerman had not then been opened, Mr. Eastburn directed the carrier, Railway Express Agency, to reconsign and ship them to him at Hattiesburg, which was done. The delivery sheets taken from the records of the Railway Express Agency showed that the two shipments were delivered to the store of the appellant in Hattiesburg and signed for by one Barrett, who was shown to be an employee of the store of appellant. Appellant had no store or place of business in either Brookhaven or Ackerman. Eastburn and Dalton testified that they contacted the appellant about the radios, advising her that the records of the Railway Express Agency showed that they had been delivered to her and they requested that she pay for the radios which had been so delivered to her, and that she admitted getting the radios but said that she thought that they were possibly radios that her husband had bought and paid for before his death. The appellant in her testimony denied making this admission and denied she had received the radios. Eastburn testified that the purchase price paid by him for the radios was $410.74 for each shipment of 20 radios, or a total of $821.48 for the radios in question, and that in addition thereto he paid the Concession Enterprises a commission of $41.07 on each of the shipments.

The appellant contends, first, that the court erred in admitting in evidence the delivery sheets of the Railway Express Agency showing the delivery of the radios to the appellant. It is argued by the appellant that the delivery sheets were not properly identified as true records of the Railway Express Agency. We think the court committed no error in admitting in evidence the

delivery sheets of the Railway Express Agency. Their authenticity was fully established by the undisputed showing that they bore the signature of Barrett, the employee of appellant at the time of the claimed deliveries, and they were competent evidence on the issue as to whether or not the radios in question were delivered to the store of appellant.

It is further contended by the appellant that the value of the radios as of the time of the alleged conversion was not proven. It was shown by the complainant that the purchase price paid by Eastburn for the radios was $821.48, and that the radios were delivered to and received by the appellant very shortly thereafter. There was no other proof with respect to the value of the radios and ▉▉▉ we think that the evidence as to the price paid for the radios was competent to be considered by the chancellor in determining the value thereof as of the time of the alleged conversion. This court held in the case of Gowan v. State Highway Commission, 193 Miss. 365, 9 So. 2d 637, that the general rule sustained by the weight of authority is that the price paid for land by the present owner or by a party in privity with him is admissible in evidence, providing the time was close enough to throw some light on the question of present value. In 31 C. J. S., page 895, it is said that evidence of the price realized on a bona fide sale of personal property is admissible to prove the value of the chattel unless the sale took place at a time remote from the time as of which the property is to be valued. In the case of Gilbert v. Lewisburg Ice Cream Co., 184 S. E. 244, 117 W. Va. 107, it was held that the recent purchase price of an automobile in the absence of other proof is presumptive evidence of its value. ▉▉▉ We think, therefore, that the proof of the purchase price paid for the radios just prior to the time of the alleged conversion thereof by the appellant, in the absence of other proof, was sufficient to warrant the chancellor in finding that the amount of such purchase price was the

value of the radios as of the time of the alleged conversion.

It is also assigned as error and contended by the appellant that the chancellor erred in overruling the appellant's motion to suppress the deposition of the witness Solly Magdoff. It is argued that the testimony of this witness was based upon records which were available but not produced and further that the testimony of the witness was too vague, indefinite, and uncertain to be of any probative value. ■■■ We think there was no reversible error in the action of the court in overruling the motion to suppress the deposition. It is true that the testimony of the witness was vague and uncertain in some of its phases but such vagueness and uncertainty affected the weight of the testimony and not its competency. ■■■ The refusal of the court to sustain the motion to suppress the deposition upon the grounds that the witness said that his testimony was based upon recollection plus records was harmless error, if error at all, since his testimony as a whole was so uncertain and indefinite as to be of no substantial probative value. The fact of the purchase of the radios by Eastburn to which the interrogatories to the witness were directed was clearly established by other proof, and the testimony sought to be elicited from the witness was of cumulative nature.

It is also urged by the appellant that the decree of the chancellor is against the overwhelming weight of the evidence and, therefore, manifestly wrong. It is argued by the appellant that there is no proof as to what the two shipments contained at the time they were delivered to the carrier in New York, and no proof of what the shipments contained when they were reconsigned from Brookhaven to Ackerman, and no proof that the radios were actually delivered to and received by the appellant. The proof upon which the chancellor manifestly based his finding was the undisputed evidence that Eastburn ordered the radios to be shipped to and consigned to him at

Brookhaven and Ackerman, and paid therefor, and that thereafter two shipments arrived, one at Brookhaven and the other at Ackerman, consigned as directed by Eastburn, and that thereafter Eastburn had them reconsigned to him at Hattiesburg, and that the delivery sheets of the carrier showed the delivery of these radios to appellant, and that appellant had never paid therefor. Further, the proof for the complainant showed that the appellant admitted receiving the radios but said that she thought they were radios which had been purchased and paid for by her husband prior to his death. It is true that the appellant in her testimony denied having made such admission and denied that she received the radios in question, and that the witnesses Barrett and Nance who were employees of the appellant testified that no radios of the model 501 were to their knowledge received at the store, yet this testimony of the appellant and her witnesses conflicted with the testimony introduced on behalf of the complainant and an issue of fact was thereby created for the determination of the chancellor. The chancellor found the facts in favor of the complainant. We think that there is ample evidence in the record to sustain the finding of the chancellor and certainly we are unable to say that his finding on the conflicting evidence is manifestly wrong. We are accordingly of the opinion that the decree of the court below must be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.