WRIGHT, et ux. *v.*
PEARL RIVER VALLEY WATER SUPPLY DISTRICT

No. 43207 October 5, 1964 167 So. 2d 660

*J. P. Coleman,* Ackerman, for appellant.

*Watkins, Pyle, Edwards & Ludlam, Robert H. Weaver, Clifford C. Chittim,* Jackson, for appellee.

Jones, J.

The Pearl River Valley Water Supply District, appellee here, filed its application to condemn 255.19 acres of land belonging to appellant Thomas E. Wright, and in a separate action sought to condemn 13.8 acres belonging to Mr. Wright and his wife, Mrs. Mildred B. Wright. Mr. and Mrs. Wright filed two separate petitions for writs of prohibition and by agreement these were consolidated. The 13.8 acre tract was sought to be condemned by the appellee to provide and control access to the reservoir and its shoreline, pollution protection, for a headquarters facility, and to provide waterfront recreational facilities. This piece of property lies about 200 feet from the shoreline, a short distance north of the dam, and has thereon a residence. We make no further reference to the 13.8 acre tract since

the right of the appellee to condemn said land is clearly authorized under Pearl River Valley Water Supply District v. Brown, 156 So. 2d 572, and Pearl River Valley Water Supply District v. Wood, 160 So. 2d 917.

The appellee sought to condemn the 255.19 acre tract below the dam for the control of sanitation and protection from pollution, for the establishment of a 65 acre sewage lagoon, and for recreational areas and facilities. The 255.19 acre tract lies parallel to a 500-foot buffer zone below the dam. Said tract is within one mile of the dam and is all below the 300-foot above sea level contour line. Considerable testimony was offered as to the scaracity of available land in the vicinity of the dam on the Madison County side of the lake and the large numbers of people who will use the facilities of the lake and the surrounding area for recreational purposes. There is also testimony as to the need to control the pollution in that area as the facilities surrounding the reservoir are developed, particularly the boat harbor which is in the immediate vicinity. We are of the opinion that all questions raised by the appellants in this case are resolved against them by Pearl River Valley Water Supply District v. Brown and Pearl River Valley Water Supply District v. Wood, supra, except that in this case appellants contend that the appellee has no authority to condemn any property below the dam.

 █ Under Sec. 5956-55(d), Miss. Code 1942, the "project area" is defined as including and limited to ". . . an area of one mile from the shoreline of the reservoir at high water." We hold that on that part of the 30,000 acre reservoir bounded by the dam that the dam itself is the shoreline and in our view any other interpretation of the statute would be unreasonable and would stifle the proper protection of the entire project. Within said "project area" appellee is authorized to purchase land or any interest therein, but is limited under the act creating the Pearl River Valley Water

Supply District in condemning land by eminent domain to land in the project area not exceeding 1/4 mile from the outside line of the 300-foot above sea level contour on each side of the river. All of the land in this suit is below the 300-foot above sea level contour line and is therefore within the plain terms of the statute, and may be condemned as needed for the reservoir uses.

We have carefully considered the questions raised by this appeal and we are of the opinion that there is no merit in the appellants' assignment of errors. The judgment is therefore affirmed.

Affirmed.

*Kyle, P. J., and Gillespie, McElroy and Brady, JJ.,* concur.