RODGERS, Justice:
This case came to this Court originally upon a petition to stay eminent domain proceedings and is reported in 250 Miss. 645, 167 So.2d 660 (1964). It was again appealed to this Court and is reported in 186 So. 2d 205 (Miss.1966). The jury in that case returned a verdict in favor of the landowner in the sum of $108,375, which included the value of the timber in the amount of $14,287.50. That case was reversed and remanded. It was again tried in the Circuit Court of Madison County, Mississippi, and the jury returned a verdict in favor of the landowner in the sum of $102,000 for the 255.19-acre tract of land here involved. The facts as to the proceedings have been fairly presented in the former opinions of this Court.
There were six witnesses who testified as to the value of the land on the date of the filing of the petition, March 22, 1963. These witnesses testified as follows:
FOR APPELLANT VALUE OF LAND VALUE PER ACRE
Names of Witnesses
1. S. E. Castle $ 51,000.00 $ 200.00
2. Glenn Mason 47,000.00 185.00
3. Lee Henry Cotten 41,500.00 160.00
FOR DEFENDANT VALUE OF LAND VALUE PER ACRE
(Landowner)
Names of Witnesses
4. Thomas E. Wright $204,000.00 $ 800.00
5. T. A. Middleton 108,455.00 425.00
6. Paul H. Sanders 115,000.00 450.00
The appellant’s witnesses testified the land was unimproved, cut-over, river bot-tomland; that it was subject to occasional inundation from Pearl River; and that log roads crossing the land were unimproved earthen trails, which were impassable in wet weather. They thought the best use for the land was for growing timber, hunting and woodland recreation. The land did not abut any public road; however, the landowner had an easement of ingress and egress over the lands of the appellant to and from his land.
*71 The witnesses for the landowner were of the opinion that the land was adaptable for subdivision into tracts of four or five-acre lots for camp houses to be used by persons interested in hunting and fishing. All of the witnesses were carefully cross-examined to determine whether or not the comparable sales suggested by them were similar in area, location, size, topography, improvements on the property, and not too remote in point of time. This is the proper method to submit evidence on comparable sales. Mississippi State Highway Comm’n v. Rogers, 236 Miss. 800, 112 So.2d 250 (1959); 18 Am.Jur. Eminent Domain § 351 (1938).
The witnesses for the landowner were of the opinion that the best use for the land sought to be condemned was for a purpose other than that for which it was being used on the date of the taking. We think this testimony was admissible under the surrounding situations existing at the time of the taking. The owner testified he could have sold lots on this land at the date of the taking. The Reservoir had been constructed, the landowner had an easement of ingress and egress to and from the Reservoir area, and it is reasonable to assume he could have sold camp sites adjoining the Reservoir. See Pearl River Valley Water Supply Dist. v. Brown, 254 Miss. 685, 182 So.2d 384, 184 So.2d 407 (1966); Mississippi State Highway Comm’n v. Tisdale, 241 Miss. 16, 128 So.2d 745 (1961); Mississippi State Highway Comm’n v. Brooks, 239 Miss. 308, 123 So.2d 423 (1960).
The appellant seriously and vigorously contends that the trial court erred in not permitting the attorney for the appellant to show that an interest in a 450-acre tract adjoining the property here involved was sold for the equivalent of $125 per acre four years before the taking of his property. The appellant points out that the appellee’s witnesses based their opinions on the value of the land acquired upon the theory that the land was valuable as lots suitable for fishing camps near the Reservoir. Both sides introduced testimony showing that there was a large fishing camp adjoining the acquired property, and the inference raised by the evidence indicated that the acquired property was valuable for hunting and fishing camps.
Both sides compared the two pieces of land and had the witnesses to testify fully as to the similarity in the two plots of land. Whereupon, the appellant sought to show that a one-eighth interest in the adjoining Mule Jail Hunting and Fishing Club had sold for $7,000.00. The trial court sustained an objection to the proffered evidence, and appellant now contends the ruling of the court was reversible error. We are of the opinion, however, that the ruling of the trial court was discretionary and that the court did not abuse its judicial discretion under the facts here shown. It is true that both sides compared the topography of the two pieces of property, but the sale of a share in the fishing club is not indicative of the value of the land on which the club is located, because nothing is shown indicating what interest the club members have in the land or under what condition they have a right to sell their interest.
It will be recalled that there are three rules established by the various courts of the United States on this subject. The majority rule is sometimes called the “Massachusetts Rule”, where evidence of the sale price of similar property is admissible in eminent domain proceedings. A minority rule has been adopted in several jurisdictions holding that the sale of other real property cannot be introduced as independent proof of the value of the property sought to be acquired. This rule is known as the “Pennsylvania Rule”, and where this rule has been followed many of the courts have also permitted the introduction of the sale price of similar real property in the vicinity of the acquired property to test the knowledge of the witnesses upon the value of the land acquired.
*72 There are a few jurisdictions in which the issue is left entirely within the sound discretion of the trial judge. These rules are collected in 29 Am.Jur.2d Evidence § 397 (1967); 27 Am.Jur.2d Eminent Domain § 429 (1966); 29A C.J.S. Eminent Domain § 273(10) (1965); 20 Am.Jur. Evidence § 376 (1939) ; Annot. 118 A.L.R. 908 (1939); 18 Am.Jur. Eminent Domain § 351 (1938).
This Court has consistently followed the majority or “Massachusetts Rule.” Pearl River Valley Water Supply Dist. v. Wood, 252 Miss. 580, 172 So.2d 196 (1965); Mississippi State Highway Comm’n v. Stout, 242 Miss. 208, 134 So.2d 467 (1961) ; Mississippi State Highway Comm’n v. Rogers, 236 Miss. 800, 112 So.2d 250 (1959); Mississippi State Highway Comm’n v. Daniels, 235 Miss. 185, 108 So.2d 854 (1959).
On the other hand — it is equally well-settled by the authorities in this jurisdiction that land deeds showing the sale price of land in the neighborhood without showing the requisite similarity are not admissible as evidence within themselves. Gowan v. State Highway Comm’n, 193 Miss. 365, 9 So.2d 637 (1942); Board of Levee Comm’rs for Yazoo and Miss. Delta v. Nelms, 82 Miss. 416, 34 So. 149 (1903).
We said in the Gowan case: “Upon the issue of remoteness (of a deed) in point of time, a wide discretion is vested in the trial court, and appellate courts are reluctant to reverse on that issue.” Many cases on this subj ect are collected under the annotation in 118 A.L.R. 869 (1939), and see particularly the cases on page 904 following the case of Maxwell v. Iowa State Highway Commission, 223 Iowa 159, 271 N.W. 883 (1937), where the textwriter points out that:
“The rule is well established that the decision of the question whether or not conditions surrounding another tract of land or the sale thereof are sufficiently similar to the circumstances of the pending case and the land involved therein so that evidence as to the sale price may be admitted to prove the value of the land in controversy, rests largely within the discretion of the trial court.”
See Forest Preserve Dist. of Cook County v. Caraher, 299 Ill. 11, 132 N.E. 211 (1921) ; 27 Am.Jur.2d Eminent Domain § 420 (1966); 95 A.L.R.2d 1224 § 5 (1964); 18 Am.Jur. Eminent Domain § 351 (1938).
For the foregoing reasons, we are of the opinion that the question of admissibility of similar sales, and particularly the alleged sale of an interest in an adjoining fishing club, was within the sound discretion of the trial judge and that the various rulings on this subject by the court were correct.
The testimony in this case indicates that the property here involved was of considerable value of the date of the taking, not only because the comparable sales indicate a tremendous increase in land values surrounding the Reservoir up to the date of the acquisition, but also because the property is .adjacent to and below the Reservoir dam. Moreover, the landowner had an easement across the Reservoir property to and from this property. In fact, the jury must have considered that the very location of the land contributed to an increase in the value of the property, because of its accessibility to the Reservoir.
We are conscious that the value placed upon the property by the jury is higher than that of ordinary river bottomland, but we also realize that the property was not acquired by the Pearl River Valley Water Supply District until after the Reservoir had been almost completed.
We have reached the conclusion from the entire record in this case that there is no reversible error in the record of the trial, and we are unable to say that the jury’s verdict is so excessive as to show passion or prejudice on the part of the jury.
We therefore affirm the judgment of the trial court.
Affirmed.
*73 All Justices concur, except ROBERTSON, J., who dissents as to the amount of the judgment.